IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RUDY GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-170-Z |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by petitioner RUDY GONZALES. [ECF 3]. By his federal habeas application, petitioner claims he is being confined unlawfully because respondent has not released him to parole even though the Texas Board of Pardons and Parole has approved him for parole and he has met all of the requirements for release. By his pleading, petitioner seeks immediate release from incarceration to serve the remainder of his sentence on parole. At the time he filed the instant habeas application, petitioner was incarcerated at the Neal Unit in Potter County, Texas.

On July 21, 2020, however, petitioner was released from TDCJ-CID custody to parole. [ECF 16-1 at 3]. On July 27, 2020, the Court received a change of address from petitioner reflecting his new address at a residential re-entry center in Longview, Texas. [ECF 11]. Inquiry to the online Offender Information Search website maintained by the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) reflects petitioner is no longer confined in a TDCJ-CID prison facility. On August 13, 2020, respondent filed his Expedited Preliminary Answer confirming that petitioner has been paroled. [ECF 16].

Petitioner's requested relief in this proceeding was his release from confinement to parole at a specified, pre-approved residential facility. It appears to the Court that petitioner has, in fact, been released from incarcerated custody to parole and now resides at the identified residential facility. Petitioner's release renders moot any complaint about his detention. Moreover, the relief petitioner seeks in this federal habeas corpus proceeding is no longer available. Consequently, the instant federal habeas corpus petition is moot under the continuing case and controversy requirement. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) ("[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a case or controversy under Article III, § 2 of the Constitution.").

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by petitioner RUDY GONZALES be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 18, 2020.

*(signature)*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *  <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).